# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
4/26/2021 2:44 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
**Eric Roy, Esq.**
2  Nevada Bar No. 11869
**J. Taylor Oblad, Esq.**
3  Nevada Bar No. 11430
**ERIC ROY LAW FIRM**
4  703 South Eighth Street
5  Las Vegas, Nevada 89101
T: (702) 423-3333
6  F: (702) 924-2517
eric@ericroylawfirm.com
7  *Attorney for Plaintiff*

CASE NO: A-21-833520-C
Department 14

8

9                       **DISTRICT COURT**
                     **CLARK COUNTY, NEVADA**
10                            *****

11  SIERRA GOLIA-HUFFMAN, an individual,        CASE NO:

12              Plaintiff,                       DEPT NO:

     vs.
13
     SMITH'S FOOD & DRUG CENTERS, INC., a
14   Foreign Corporation, doing business as SMITH'S
     FOOD & DRUG CENTERS #332; DOES I
15   through X; DOE EMPLOYEES I through X; DOE
     STORE MANAGERS I through X;  and ROE;
16   CORPORATIONS I through X, inclusive,

17              Defendants.

18                            **COMPLAINT**

19        COMES NOW Plaintiff, SIERRA GOLIA-HUFFMAN, by and through her attorneys of

20  record, Eric Roy, Esq. and J. Taylor Oblad, Esq. of the Eric Roy Law Firm, and as for her

21  Complaint against Defendant above-named, and each of them, and for her causes of action,

22  alleges as follows:

23                     **JURISDICTION AND VENUE**

24        1.      This Court has subject matter jurisdiction pursuant to N.R.S. 3.010 and Nevada

25  Constitution, Article VI, Section 6.

26        2.      This Court is the proper venue pursuant to N.R.S. 13.040.

27

28

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-1-

1      3.     That at all times relevant to this action, Plaintiff, SIERRA GOLIA-HUFFMAN

2  (hereinafter "Plaintiff" or "SIERRA") was and is a resident of the County of Clark, State of

3  Nevada.

4      4.     That upon information and belief, and at all relevant times herein, Defendant

5  SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"), a foreign corporation,

6  duly organized, authorized and conducting business as Smith's Food & Drug Centers #332,

7  located at 7130 North Durango drive, in the City of Las Vegas, County of Clark, State of Nevada.

8      5.     Upon information and belief, Defendant DOE EMPLOYEES is and was, at all

9  times relevant to these proceedings, a resident of Clark County, State of Nevada.

10     6.     Upon information and belief, Defendant DOE STORE MANAGERS is and was, at

11  all times relevant to these proceedings, a resident of Clark County, State of Nevada.

12     7.     Defendants, DOES I through X and ROE CORPORATIONS I through X, are sued

13  herein by their fictitious names for the reason that their respective true names are unknown to the

14  Plaintiff at this time.  When their true names are ascertained, Plaintiff will ask leave of this court

15  to insert their true names herein, in the place and stead of their fictitious names.  That at all times

16  mentioned herein, each of the Defendants were the agent, employee, servant or corporate

17  employer of the other and acting within the scope and purpose of said agency, employment,

18  service or corporate activity.  Plaintiff is informed and believes, and thereon alleges, that each of

19  the Defendants designated herein as a DOE or ROE CORPORATION are negligently or

20  otherwise responsible in some manner for anyone of the following:

21     (a) Parties responsible in some manner for the events and happenings herein referred to

22       that caused injuries and damages proximately thereby to the Plaintiff as herein alleged;

23     (b) Parties that are the agents, servants, employees and/or contractors of the Defendants,

24       each of them acting within the course and scope of their agency, employment or contract;

25     (c) Parties that own, lease, manage, operate, secure, inspect, repair, maintain and/or are

26       responsible for the premises referred to hereinafter; and/or

27     (d) Parties that have assumed or retained the liabilities of any of the Defendants by virtue

28       of an agreement, sale, transfer or otherwise the acts, events, circumstances, and

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-2-

1   happenings complained of herein, and actually and proximately thereby caused Plaintiff

2   to suffer the injuries, damages and expenses herein below alleged.

3       8.    The Plaintiff will ask leave of the Court to amend this Complaint to insert the true

4   names and capacities of said Defendants, DOES I-X and ROE CORPORATIONS I-XX,

5   inclusive, when the same have been ascertained by the Plaintiff, together with appropriate

6   charging allegations, and to join said Defendants in the action.

7       9.    Further, Plaintiff alleges that each of said Defendants were an owner, operator,

8   lessor, lessee, or some other entity responsible for the SMITH'S and/or employment and

9   supervision of Defendant SMITH'S employees, agents and assigns who maintained the SMITH'S

10  premises, located at 7130 North Durango Drive, Las Vegas, Nevada 89149, on or before May 10,

11  2020.

12  **FACTS COMMON TO ALL CAUSES OF ACTION**

13      10.    Plaintiff repeats and realleges paragraphs 1 through 9 as if fully set forth herein

14  and incorporates the same herein by this reference.

15      11.    On or about May 10, 2020, Plaintiff, SIERRA, was a business invitee or shopper

16  at Smith's Food & Drug Center #332.

17      12.    At said time and place, Plaintiff, SIERRA, while carrying her minor child, slipped

18  and fell on wet flooring at/near the florist area in SMITH'S.

19  **GENERAL ALLEGATIONS**

20      13.    Plaintiff repeats and realleges each and every foregoing paragraph set forth above

21  and incorporate the same by reference as though fully set forth at length herein.

22      14.    At all times mentioned herein, particularly on or about May 10, 2020, the

23  Defendants owned, operated, controlled and maintained the property located at 7130 North

24  Durango Drive, Las Vegas, Nevada 89149, commonly known as SMITH'S FOOD & DRUG

25  CENTER #332.

26      15.    On or about May 10, 2020, Plaintiff was a business invitee/shopper at SMITH'S.

27      16.    SIERRA was walking with her minor child in her arms when she slipped and fell,

28  to her knees, on wet flooring located at/near flowers that were displayed for sale.

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-3-

17.   No DOE EMPLOYEE or DOE MANAGER informed the Plaintiff of the hazardous condition created by said wet flooring.

**I.**

## FIRST CAUSE OF ACTION

### *(Negligence)*

18.   Plaintiff repeats and realleges paragraphs 1 through 17 as if fully set forth herein and incorporates the same herein by reference.

19.   On or about May 10, 2020, and at all times relevant hereto, Defendants, including Defendant SMITH'S, DOE MANAGER, DOE EMPLOYEES and/or its employees, lessees, agents, assigns or others, and each of them (collectively "Defendants"), through their actions and/or failures to act, created and/or caused said dangerous condition to exist where business invitees like Plaintiff SIERRA were shopping.

20.   That Defendants, and each or all of them, had actual or constructive notice of the hazardous/dangerous condition prior to Plaintiff's incident, that the wet flooring was a dangerous condition, and Plaintiff should have been adequately warned of and remedied by Defendants prior to Plaintiff's slip and fall.

21.   Defendants have a duty to properly and periodically inspect and maintain the store's flooring, and to keep them free from unreasonable hazardous conditions, so as to ensure that business invitees/shoppers, like Plaintiff SIERRA, do not get injured.

22.   That on or before May 10, 2020, and at all times relevant hereto, the actions and/or failures to act by Defendant SMITH'S, DOE MANAGER, DOE EMPLOYEES, and/or employees, lessees, agents, assigns or others, and each of them, breached their aforementioned duty resulting in unreasonably dangerous and unprotected areas within and on Defendants' premises, creating an unreasonably dangerous condition for members of the general public, and in particular Plaintiff, who was invited, directed and allowed through public/business invitee areas.

23.   The failures of Defendant SMITH'S, DOE MANAGER, DOE EMPLOYEES, and/or its employees, lessees, agents, assigns or others, and each of them to prevent, correct and/or

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-4-

1    remove the aforesaid dangerous and unsafe condition(s), or give adequate warning of the
2    foreseeable risk of harm posed thereby, was a breach of the duty of reasonable care owed by the
3    Defendants, and each of them, under the circumstances to persons invited onto and within its
4    premises, and in particular to Plaintiff herein.

5         24.    As a direct and proximate result of the negligence, carelessness and recklessness
6    of Defendant SMITH'S, DOE MANAGER, DOE EMPLOYEES, and/or its employees, lessees,
7    agents, assigns or other, and each of them, Plaintiff slipped and fell and sustained great pain of
8    body and mind, including serious and painful physical injuries, as well as shock and injury to her
9    nervous system entailing mental stress, anxiety and anguish, all or some of which conditions may
10   be permanent and disabling in nature.

11        25.    As a direct and proximate result of the aforesaid dangerous condition and the
12   Defendants' breach of the duty of reasonable care through the negligence, carelessness and
13   recklessness of Defendants, and/or its employees, lessees, agents, assigns or other, and each of
14   them, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to her
15   body, nervous system and person, all of which have caused, and will continue to cause, the
16   Plaintiff physical, and mental pain and suffering.

17        26.    That as a direct and proximate result of the negligence, carelessness and
18   recklessness of Defendant SMITH'S, DOE MANAGER, DOE EMPLOYEES, and/or its
19   employees, lessees, agents, assigns, or other, and each of them, Plaintiff has incurred medical
20   expenses and other special damages and loss of enjoyment of life, and anticipates that she will
21   incur future medical expenses, all together Plaintiff damages are in an amount not yet fully
22   ascertained but nevertheless are in excess of Fifteen Thousand Dollars ($15,000.00).

23        27.    That Plaintiff has been required to obtain the services of an attorney in order to
24   prosecute this action, and he is therefore entitled to recover reasonable attorney's fees plus costs
25   of suit.

26   ///
27   ///
28   ///

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

## II.

## SECOND CAUSE OF ACTION

### *(Negligence - Premises Liability)*

28.     Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein and are incorporated by reference.

29.     That on or about May 10, 2020, and for some time prior thereto, Defendant, and each of them, by and through their authorized agents, servants, and employees, acting within the course and scope of their employment, negligently and carelessly owned, maintained, operated, occupied, and controlled the subject property in that they failed to inspect, maintain, and warn of the dangerous conditions, creating dangerous and hazardous conditions for the guests and business invitees of the Defendant and more particularly to Plaintiff SIERRA; and thereafter Defendants, each and every one of them permitted, allowed and caused said unsafe condition to be created and to remain even though Defendants knew or, through the exercise of ordinary care and diligence, should have known, that the store's wet flooring presented a dangerous condition; Defendant, and their agents, servants and/or employees, and each of the Defendants, failed to maintain, inspect the subject the floor area in question, on the property; and Defendants and their agents, servants and/or employees and each of the Defendants, negligently, carelessly and recklessly failed to inspect the store floor in question on the property and correct said condition, or reasonably warn Plaintiff of the dangerous and hazardous condition thereon.

30.     That the Defendants, each and every one of them, breached their said duty to Plaintiff SIERRA by creating a dangerous condition, by not providing warning of a known condition, and by failing to alert its guests and invitees, such as Plaintiff of this dangerous condition, and otherwise exercise reasonable care for his protection.

31.     That the Defendants had a duty to maintain the property in such a manner as to provide a safe environment for their business invitee.

32.     Plaintiff asserts the doctrine of res ipsa loquitor as applicable to the allegations made herein.

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-6-

1      33.    That as a direct and proximate result of the aforesaid negligence of the Defendants,

2  and each of them, Plaintiff suffered injuries and has sustained damages in an excess of

3  $15,000.00.

4      34.    As a further direct and proximate result, Plaintiff incurred expenses for medical

5  care and treatment in an amount in an excess of $15,000.00 in an amount to be ascertained at trial

6  and will incur expenses for medical care and treatment in the future in an amount to be ascertained

7  at trial.

8      35.    That Plaintiff has been forced to retain the services of an attorney to represent his

9  in this action, and as such is entitled to reasonable attorney's fees, costs and interest.

10                 **III.**

11           **THIRD CAUSE OF ACTION**

12             *(Res Ipsa Loquitor)*

13      36.    Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth herein

14  and are incorporated by reference.

15      37.    The subject incident would not ordinarily occur in the absence of negligence.

16      38.    The subject incident was caused by an agency or instrumentality over which

17  Defendants had the exclusive right of control originally, and which was not mishandled or

18  otherwise changed after Defendants relinquished control.

19      39.    Defendants had superior knowledge of or were in a better position to anticipate

20  and guard against the cause of the incident.

21      40.    That Plaintiff has been required to obtain the services of an attorney in order to

22  prosecute this action, and she is entitled to recover reasonable attorney's fees, costs of suit and

23  interest.

24                 **V.**

25           **FIFTH CAUSE OF ACTION**

26       *(Respondent Superior/Vicarious Liability)*

27      41.    Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein

28  and are incorporated by reference.

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-7-

1    42.    That at such time and place, Defendants' employees, lessees, agents, or assigns

2    recklessly carelessly and negligently owned, controlled, inspected and maintained the premises

3    in an obstructive and dangerous condition, by allowing dangerous conditions to accumulate, exist

4    and lie within an area utilized by its invitees, members of the general public and, in particular, the

5    Plaintiff herein, and by not preventing the dangerous condition through maintaining the flooring

6    from hazards. Moreover, Defendant's failure of laying or posting warning signs, or other caution

7    signs/devices, thereby creating a non-obvious, dangerous condition that the Defendants, and each

8    of them, knew or should have known was unreasonably dangerous to its store invitees, members

9    of the general public, and in particular the Plaintiff herein.

10    43.    That at such time and place, Defendants' employees, lessees, agents, or assigns

11    negligently, carelessly and recklessly created said hazardous and/or dangerous condition by

12    inadequately and improperly inspecting and maintaining the premises free from hazardous

13    conditions which Plaintiff fell due to the wet flooring, thereby creating a dangerous condition

14    thereupon, a condition that Defendants, and each of them, knew or should have known was

15    unreasonably dangerous to members of the general public, and in particular the Plaintiff herein.

16    44.    That Defendants are vicariously liable for any and all actions or inactions of their

17    employees, lessees, agents, or assigns, performed while in the scope of their agency and/or

18    employment with Defendants, through the legal doctrine of Respondent Superior.

19    45.    That as a direct and proximate result of the negligence, carelessness and

20    recklessness of Defendants, and/or their employees, lessees, agents, or assigns, Plaintiff has

21    incurred medical expenses, probable future medical expenses, and other special damages and loss

22    of enjoyment of life, all together Plaintiff's damages are in an amount in excess of $15,000.00.

23    46.    That Plaintiff has been required to obtain the services of an attorney in order to

24    prosecute this action, and she is entitled to recover reasonable attorney's fees, costs of suit and

25    interest.

26    ///

27    ///

28    ///

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-8-

**VI.**

## SIXTH CAUSE OF ACTION

*(Negligent Hiring, Negligent Retention, and/or Negligent Supervision)*

47.     Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein and are incorporated by reference.

48.     That on May 10, 2020, and at all times prior, Defendants had a duty of care to maintaining the subject premises, and in selecting those charged with the task of securing, maintain and inspect the same of the premises so as to keep it free from hazardous conditions. Defendant's failed to hire, train, and supervise all employees and agents to ensure that they properly maintained the subject premises so as to prevent non-obvious, dangerous conditions from existing on and in the area where flowers are displayed/sold.

49.     That at all times pertinent hereto, and particularly on May 10, 2020, Defendants failed and/or breached their above-referenced duties including proper training, supervision, and retention of their employees and agents, particularly the employees responsible for the maintenance of the subject flooring of SMITH'S in the County of Clark, State of Nevada.

50.     That as a direct and proximate result of said acts and/or failures, Plaintiff was injured in his health, strength and activity and sustained injury and other damages, thereby incurring medical expenses, probable future medical expenses, and other special damages and loss of enjoyment of life, all together Plaintiff's damages are in an amount in an excess of $15,000.00.

51.     That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and he is entitled to recover reasonable attorney's fees, costs of suit and interest.

///

///

///

///

///

-9-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint at the time of trial of the action to include all items of damage not yet ascertained and for any causes of action which discovery may so provide, demands judgment against Defendants as follows:

1.    For a sum in excess of $15,000 as and for past and future medical expenses and wage loss;

2.    For a sum in excess of $15,000 as and for general damages for pain, suffering, mental distress, anguish and fear;

3.    For pre-judgment and post-judgment interest;

4.    For reasonable attorney's fees plus costs of suit; and

5.    For such other and further relief as the court may deem just and proper in the premises.

DATED this __26th__ day of April, 2021.     **ERIC ROY LAW FIRM**

*/s/ J. Taylor Oblad*
Eric Roy, Esq. (#11869)
J. Taylor Oblad, Esq. (#11430)
703 South Eighth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-10-

**AOS**

# DISTRICT COURT , CLARK COUNTY
## CLARK COUNTY, NEVADA

Electronically Filed
5/20/2021 9:16 AM
Steven D. Grierson
CLERK OF THE COURT

| | | |
|---|---|---|
| SIERRA GOLIA-HUFFMAN, AN INDIVIDUAL, | **Plaintiff** | |

**vs**

SMITHâ€™S FOOD & DRUG CENTERS, INC., A
FOREIGN CORPORATION, DOING BUSINESS AS
SMITHâ€™S FOOD & DRUG CENTERS #332; DOES I
THROUGH X; DOE EMPLOYEES I THROUGH X;
DOE STORE MANAGERS I THROUGH X; AND ROE
CORPORATIONS I THROUGH X, INCLUSIVE,

**Defendant**

**CASE NO:**  A-21-833520-C

**HEARING DATE/TIME:**

**DEPT NO:**  14

# AFFIDAVIT OF SERVICE

ARANZA AGUILAR being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 10th day of May, 2021 and served the same on the 13th day of May, 2021, at 14:30 by:

serving the servee SMITHS FOOD AND DRUG CENTERS, INC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY by personally delivering and leaving a copy at (address) 112 NORTH CURRY ST, CARSON CITY NEVADA 89703 with KRIS OSBORNE, CLERK pursuant to NRS 14,020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**EXECUTED this__13__day of__May__,__2021.**

**ARANZA AGUILAR**
**R-095409**

Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068

EP169638 SIERRA GOLIA-HUFFMAN

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

Electronically Filed
6/2/2021 5:47 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
*****

|  |  |
|---|---|
| SIERRA GOLIA-HUFFMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation, doing business as SMITH'S FOOD & DRUG CENTERS #332; DOES I through X; DOE EMPLOYEES I through X; DOE STORE MANAGERS I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.: A-21-833520-C<br>DEPT. NO.: XIV<br><br>**DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

**I.**

Paragraphs 1 and 2 of Plaintiff's Complaint state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

**II.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 3, 4, 5, 6, 7 and 8 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

///

CLAC 6389854.1

**III.**

In response to Paragraph 9 of Plaintiff's Complaint, this answering Defendant admits that it owned and operated the SMITH'S grocery store located at 7130 North Durango Drive, Las Vegas, NV on May 10, 2020.  This answering Defendant denies any remaining allegation contained in said Paragraph.

**IV.**

This answering Defendant, in response to Paragraph 10 of that portion of Plaintiff's Complaint entitled "**FACTS COMMON TO ALL CAUSES OF ACTION**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**V.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 11 and 12 of that portion of Plaintiff's Complaint entitled "**FACTS COMMON TO ALL CAUSES OF ACTION**" and upon said ground, denies each and every allegation contained therein.

**VI.**

This answering Defendant, in response to Paragraph 13 of that portion of Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**VII.**

In response to Paragraph 14 of that portion of Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**", this answering Defendant admits that it owned and operated the SMITH'S grocery store located at 7130 North Durango Drive, Las Vegas, NV on May 10, 2020. This answering Defendant denies any remaining allegation contained in said Paragraph.

**VIII.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 15, 16 and 17 of that portion of Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**" and upon said ground,

2

CLAC 6389854.1

denies each and every allegation contained therein.

**IX.**

This answering Defendant, in response to Paragraph 1 8 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** (*Negligence*) incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**X.**

This answering Defendant denies each and every allegation contained in Paragraphs 19, 20, 22, 23, 24, 25, 26 and 27 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** (*Negligence*)".

**XI.**

Paragraph 21 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** (*Negligence*)" states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

**XII.**

This answering Defendant, in response to Paragraph 28 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION** (*Negligence - Premises Liability*)" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XIII.**

This answering Defendant denies each and every allegation contained in Paragraphs 29, 30, 33, 34 and 35 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION** (*Negligence - Premises Liability*)".

**XIV.**

Paragraphs 31and 32 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION** (*Negligence – Premises Liability*)" state a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraphs.

/ / /

## XV.

This answering Defendant, in response to Paragraph 36 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION** (*Res Ipsa Loquitor*)" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## XVI.

Paragraphs 37, 38 and 39 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION** (*Res Ipsa Loquitor*)" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

## XVII.

This answering Defendant denies each and every allegation contained in Paragraph 40 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION** (*Res Ipsa Loquitor*)".

## XVIII.

This answering Defendant, in response to Paragraph 41 of that portion of Plaintiff's Complaint entitled "**FIFTH (SIC) CAUSE OF ACTION** (*Respondeat Superior/Vicarious Liability*)" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## XIX.

This answering Defendant denies each and every allegation contained in Paragraph 42, 43, 45 and 46 of that portion of Plaintiff's Complaint entitled "**FIFTH (SIC) CAUSE OF ACTION** (*Respondeat Superior/Vicarious Liability*)".

## XX.

Paragraph 44 of that portion of Plaintiff's Complaint entitled "**FIFTH (SIC) CAUSE OF ACTION** (*Respondeat Superior/Vicarious Liability*)" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

## XXI.

This answering Defendant, in response to Paragraph 47 of that portion of Plaintiff's Complaint entitled "**SIXTH CAUSE OF ACTION** (*Negligent Hiring, Negligent Retention, and/or*

4

CLAC 6389854.1

1 | *Negligent Supervision*)" incorporates herein by reference each and every answer previously alleged
2 | to the Paragraphs which the Plaintiff has realleged by incorporation.

**XXII.**

4 | Paragraph 48 of that portion of Plaintiff's Complaint entitled "**SIXTH CAUSE OF ACTION**
5 | **(Negligent Hiring, Negligent Retention, and/or Negligent Supervision**)" states a legal conclusion
6 | which is the sole province of the Court to determine. This answering Defendant therefore denies said
7 | Paragraph.

**XXIII.**

9 | This answering Defendant denies each and every allegation contained in Paragraph 49, 50
10 | and 51 of that portion of Plaintiff's Complaint entitled "**SIXTH CAUSE OF ACTION** (*Negligent*
11 | *Hiring, Negligent Retention, and/or Negligent Supervision*)".

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

14 | Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries
15 | as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any
16 | recovery reduced in proportion to said negligence of Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

18 | At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto,
19 | Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and
20 | injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately
21 | caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and
22 | therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced
23 | in proportion to said negligence of Plaintiff.

24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

CLAC 6389854.1

1   WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her

2   Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

3   further relief as to the Court may deem proper.

4   Dated this 2nd day of June, 2021.

5                                   COOPER LEVENSON, P.A.

6

7                           By   /s/ Jerry S. Busby
                                 Jerry S. Busby
8                                Nevada Bar No. 001107
                                 3016 West Charleston Boulevard - #195
9                                Las Vegas, Nevada 89102
                                 Attorneys for Defendant
10                               SMITH'S FOOD & DRUG CENTERS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

CLAC 6389854.1

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 2nd day of June, 2021, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

J. Taylor Oblad, Esq.
ERIC ROY LAW FIRM
703 South Eighth Street
Las Vegas, NV 89101
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

7

CLAC 6389854.1

Electronically Filed
6/24/2021 2:15 PM
Steven D. Grierson
CLERK OF THE COURT

1  **REA**
   **Eric Roy, Esq.**
2  Nevada Bar No. 11869
   **J. Taylor Oblad, Esq.**
3  Nevada Bar No. 11430
   **ERIC ROY LAW FIRM**
4  703 South Eighth Street
5  Las Vegas, Nevada 89101
   T: (702) 423-3333
6  F: (702) 924-2517
   eric@ericroylawfirm.com
7  taylor@ericroylawfirm.com
   *Attorneys for Plaintiff*
8

9                    **DISTRICT COURT**

10              **CLARK COUNTY, NEVADA**

11                        *****

12  SIERRA GOLIA-HUFFMAN, an individual,      CASE NO:  A-21-833520-C

13                    Plaintiff,                DEPT NO:  14
14  vs.

15  SMITH'S FOOD & DRUG CENTERS, INC., a
    Foreign Corporation, doing business as SMITH'S
16  FOOD & DRUG CENTERS #332; DOES I
    through X; DOE EMPLOYEES I through X; DOE
17  STORE MANAGERS I through X;  and ROE;
    CORPORATIONS I through X, inclusive,
18
                     Defendants.
19

20    **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION**

21        Plaintiff, SIERRA GOLIA-HUFFMAN, by and through her counsel, Eric Roy, Esq. and J.

22  Taylor Oblad, Esq., of the Eric Roy Law Firm, hereby requests that the above matter be exempted

23  from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:
24

25    1.  _____ presents a significant issue of public policy;

26    2.  _X_ involves an amount in issue in excess of $50,000.00, exclusive of interests and costs;

27    3.  _____ presents unusual circumstances which constitute good cause for removal from the

28        program.

*(left margin, vertical text)* Eric Roy Law Firm 703 South Eighth Street Las Vegas, Nevada 89101 702.423.3333

-1-

On or about May 10, 2020, the Defendants owned, operated, controlled and maintained the property located at 7130 North Durango Drive, Las Vegas, Nevada 89149, commonly known as SMITH'S FOOD & DRUG CENTER #332. Plaintiff was a business invitee/shopper at SMITH'S. SIERRA was walking with her minor child in her arms when she slipped and fell, to her knees, on wet flooring located at/near flowers that were displayed for sale.

As a result of the subject incident, Plaintiff has sustained the following injuries, as diagnosed by her medical providers:

1. Low back pain
2. Pain in right knee
3. Pain in left knee
4. Left foot pain
5. Unilateral primary osteoarthritis, right knee
6. Complex tear of medial meniscus, left knee
7. Complex tear of medial meniscus, right knee
8. Pain in left ankle and joints of left foot
9. Sprain of interphalangeal joint of left lesser toe(s)
10. Right hip pain
11. Left hip pain
12. Right knee joint pain
13. Left knee joint pain
14. Lumbago with sciatica, right side
15. Right leg pain

As a result of the subject accident, Plaintiff has incurred in excess of **$131,729.25** in medical specials, as follows:

| | |
|---|---|
| Surgical Arts Center | $20,741.28 |
| Suarez Physical Therapy | $6,555.00 |
| Southern Nevada Medical Group | $2,200.00 |
| Red Rock Anesthesia Consultants | $5,000.00 |
| Pueblo Medical Imaging | $5,700.00 |
| Next Step Medical | $500.00 |
| Las Vegas Neurosurgical Institute | $2,050.00 |
| Lien Rx | $182.64 |
| Interventional Pain & Spine Institute | $2,890.00 |
| Durango Outpatient Surgery Center | $25,368.00 |
| Bone & Joint Specialists | $3,452.50 |
| Anders and Associates Physical Therapy | $4,688.73 |
| All City Pharmacy | $1,025.00 |

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

| Advanced Orthopedics & Sports Medicine | $51,376.10 |
| TOTAL PAST SPECIALS | $131,729.25 |

Plaintiff requests that this matter be exempted from the Court's Mandatory Arbitration Program as the value of this matter far exceeds the jurisdictional limits of said Program. Plaintiff has been recommended **Lumbar Total Disc Replacement at L4-L5** with an estimated cost of **$271,650.00**, a **Lumbar Radiofrequency Ablation: Bilateral L3, L4** with an estimated cost of **$16,150.00**, a **Lumbar Medical Branch Block: Bilateral L3, L4** with an estimated cost of **$13,450.00**.

I hereby certify that pursuant to NRCP 11 this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this 24ᵗʰ day of June, 2021.

ERIC ROY LAW FIRM

Eric Roy, Esq.
Nevada Bar No. 11869
J. Taylor Oblad, Esq.
Nevada Bar No. 11430
703 South Eighth Street
Las Vegas, Nevada 89101

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 24th day of June, 2021 pursuant to Administrative Order 14.2, I e-served a true and correct copy of the foregoing **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** to the following individuals addressed as follows:

Jerry S. Busby, Esq.
Cooper Levenson, P.A.
3016 W. Charleston Blvd. Ste 195
Las Vegas, NV 89102
*Attorney for Defendant*

Employee of the Eric Roy Law Firm

Eric Roy Law Firm
703 South Eighth Street
Las Vegas, Nevada 89101
702.423.3333

-4-