**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| SIERRA GOLIA-HUFFMAN, an individual, | Case No.: 2:21-cv-01260-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation, doing business as SMITH'S FOOD & DRUG CENTERS #332; DOES I through X; DOE EMPLOYEES I through X; DOE STORE MANAGERS I through X; and ROE CORPORATIONS I through X; inclusive, | |
| Defendants. | |

Pending before the Court is Defendant's Memorandum of Fees and Costs related to the Settlement Conference. ECF No. 38. The Memorandum is unopposed.

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a

1

reasonable hourly rate." *Id*. (citations omitted).[1] The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[2]

Here, the rate charged by counsel for Smith's Food & Drug Centers, Inc. is reasonable; in fact, it is below hourly rates often approved by the Court. *Doud v. Yellow Cab of Reno, Inc.*, Case No. 3:13-cv-00664-WGC, 2015 WL 5286996, at **4-5 (D. Nev. Sept. 10, 2015); *Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, Case No. 2:09-cv-1300-GMN-GWF, 2011 WL 3855462, at *1 (D. Nev. Aug. 29, 2011) (holding "[a]n hourly fee ranging between $250–$350 an hour is reasonable for experienced associates in the Las Vegas legal market"); *Chemeon Surface Technology, LLC v. Metalast International, Inc.*, Case No. 3:15-cv-00294-MMD-VPC, 2017 WL 2434296, at *1 (D. Nev. June 5, 2017) (collecting reasonable rate information for Nevada). The Court also finds the amount of time charged by counsel for Smith's is reasonable. "District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006)*.

Accordingly, IT IS HEREBY ORDERED that Defendant's Memorandum of Fees and Costs related to the Settlement Conference (ECF No. 38) is GRANTED.

---

[1] Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

[2] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n. 2 (citing *Hensley*, 461 U.S. at 430 n. 3).

1    IT IS FURTHER ORDERED that Plaintiff is to make payment to Smith's Food & Drug
2  Centers, Inc. in the amount of $1,500.00 within 30 days of the date of this Order unless an objection
3  is filed. If an objection is filed, this Order is stayed until such time as the objection is ruled upon by
4  the District Judge assigned to this case.
5    Dated this 20th day of March, 2023.

                                                 ELAYNA J. YOUCHAH
                                               UNITED STATES MAGISTRATE JUDGE