UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SIERRA GOLIA-HUFFMAN,<br><br>　　Plaintiff<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br><br>　　Defendant | Case No.: 2:21-cv-01260-APG-EJY<br><br>**Order Granting in Part Golia-Huffman's Motions *In Limine*** <br><br>[ECF Nos. 71, 81] |

Sierra Golia-Huffman moves *in limine* to exclude any testimony or evidence from Smith's Food & Drug Centers, Inc. regarding the causation of her knee and spine injuries,[1] the medical necessity and reasonableness of her most of her treatments,[2] and the reasonableness of the costs she incurred for these treatments. Golia-Huffman alleges that all of the medical experts testifying in this case agree on these issues so I can decide them prior to trial. Smith's responds that its medical expert contests both the causation of her injuries and the necessity and reasonableness of her medical treatments. I grant Golia-Huffman's motions in part. Specifically, I grant her motion to exclude evidence on the reasonableness of the costs of her treatment because Smith's does not respond to this argument. I deny her motions to exclude causation evidence and evidence regarding the necessity and reasonableness of her treatments because these are factual issues not appropriate for resolution through a motion *in limine*.

---

[1] Golia-Huffman files two separate motions *in limine* requesting I exclude causation evidence. ECF Nos. 71; 81. Because she raises the same arguments in both motions and asks for the same relief, I consider them together.

[2] She agrees that the reasonableness of a 3D MRI and her spinal surgery can be disputed at trial.

I.     Analysis

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (emphasis added).  Motions *in limine* "are useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).  "Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the evidence is inadmissible on all potential grounds." *United States v. Whittemore*, 944 F. Supp. 2d 1003, 1006 (D. Nev. 2013) (simplified), *aff'd*, 776 F.3d 1074 (9th Cir. 2015).

    a.  Causation of Golia-Huffman's Injuries

Golia-Huffman requests that I exclude any evidence and testimony from Smith's disputing the cause of her knee and spine injuries.  She alleges that the cause of her injuries is not in dispute because Smith's medical expert opined that "with a reasonable degree of medical certainty, . . . it is more likely than not that the fall on 5/10/2020 caused" Golia-Huffman's knee and spine injuries. ECF No. 71-2 at 17.  She also argues that only medical experts can opine on causation.  Smith's responds that Golia-Huffman ignores that its expert "pointed out several instances where Plaintiff admitted that her injuries were not causally related to the alleged [Smith's] incident," and ignores his statements on her preexisting conditions and her failure to mitigate. ECF Nos. 88 at 12; 94 at 14.

Expert medical testimony is necessary to prove causation when "the cause of injuries is not immediately apparent." *Lord v. State*, 806 P.2d 548, 551 (Nev. 1991).  But "expert causation testimony is not required where the connection is a kind that would be

obvious to laymen, such as a broken leg from being struck by an automobile." *Porter v. United States*, No. 2:16-cv-00633-APG-DJA, 2020 WL 8261603, at *2 (D. Nev. Nov. 12, 2020) (quotations omitted).

I deny Golia-Huffman's request that I exclude any testimony or evidence from Smith's related to the cause of her knee or spine injuries. Questions of fact remain regarding the cause of her injuries. Because it is inappropriate for me to resolve these factual issues on a motion *in limine*, I deny the portion of Golia-Huffman's motions requesting I exclude causation evidence.

        b. *Medical Necessity and Reasonableness of Medical Treatments*

Golia-Huffman moves to preclude Smith's from presenting any testimony or evidence related to "the medical necessity" of her "knee injury treatment" and the "medical necessity and reasonableness" of her "spinal injury treatment (aside from a 3D MRI scan and ultimate type of spine surgery)." ECF No. 71 at 14. Golia-Huffman argues that Smith's expert agrees that the medical care she received was "appropriate [and] medically necessary" aside from the two identified exceptions. ECF No. 71-2 at 17.

Smith's responds that Golia-Huffman had pre-existing conditions and failed to mitigate her damages. Specifically, it argues that Golia-Huffman suffered from sciatica before the incident, and that she exacerbated her injuries by going on vacation, playing sports, helping her brother move, and having gaps in her treatment plan.

Based on Smith's contentions, factual issues exist regarding the necessity and reasonableness of Golia-Huffman's medical treatment. Therefore, I deny the portion of Golia-Huffman's motion requesting that I exclude evidence regarding the reasonableness and medical necessity of her medical procedures and treatment.

*c. Reasonableness of Treatment Costs*

Golia-Huffman moves to preclude Smith's from offering evidence disputing the reasonableness of costs incurred for her knee injury treatments and her spinal injury treatments, excluding the costs for the 3D MRI scan and her spine surgery. Smith's does not address whether the costs for Golia-Huffman's treatments were reasonable, instead only arguing that the treatments themselves were unreasonable.

Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Because Smith's does not specifically respond to the portion of Golia-Huffman's motion alleging that the costs of the treatment she received were reasonable, I grant this portion of her motion. Smith's may still contest the reasonableness and necessity of the treatments.

## II.  Conclusion

I THEREFORE ORDER that plaintiff Sierra Golia-Huffman's motion *in limine* **(ECF No. 71) is GRANTED in part** as set out in this order.

I FURTHER ORDER that plaintiff Sierra Golia-Huffman's motion *in limine* **(ECF No. 81) is DENIED**.

DATED this 12th day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE