UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SIERRA GOLIA-HUFFMAN,<br><br>    Plaintiff<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br><br>    Defendant | Case No.: 2:21-cv-01260-APG-EJY<br><br>**Order Granting in Part Smith's Motions *in Limine*** <br><br>[ECF Nos. 78, 79, 80, 83, 85, 86] |

Defendant Smith's Food & Drug Centers, Inc. moves in limine to exclude:

(1) the testimony and opinions of plaintiff Sierra Golia-Huffman's forensic engineering and safety expert, Dr. Perez;

(2) evidence of a recommendation for Golia-Huffman's future lumbar surgery;

(3) evidence of two prior slip and fall incidents in Smith's floral department;

(4) the testimony and opinions of Golia-Huffman's medical expert, Dr. Muir;

(5) various items from Golia-Huffman's supplemental Federal Rule of Civil Procedure 26 disclosures; and

(6) damages related to Golia-Huffman's past and future wage loss.

The parties are familiar with the facts of this case so I repeat there here only where necessary to decide the motions. I grant Smith's motions in part as set forth below.

**I.    Analysis**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine "are useful tools to resolve issues which would otherwise clutter up the trial." *City of*

*Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quotation omitted). "Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the evidence is inadmissible on all potential grounds." *United States v. Whittemore*, 944 F. Supp. 2d 1003, 1006 (D. Nev. 2013) (simplified).

### a. Testimony and Opinions of Dr. Perez (ECF No. 78)

Smith's moves to exclude the testimony and opinions of Golia-Huffman's retained forensic engineering and safety expert, Dr. Frank Perez, for a variety of reasons. In the alternative, it seeks to limit the testimony and opinions he can present at trial.

#### 1. *Unhelpful to the Trier of Fact*

Smith's argues that Perez's opinions on the conditions of the Smith's floral department floor should be excluded as unhelpful to the trier of fact because Perez tested and inspected the floor two years after Golia-Huffman's incident, and because it is "common knowledge that water causes a floor to become slippery." ECF No. 78 at 9. Golia-Huffman responds that during discovery, Smith's indicated that it had not made any changes to its floral area since the incident, making the opinions Perez developed through his testing and inspection helpful to the trier of fact. *See* ECF Nos. 96-8 at 6; 96-9 at 3.

"Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010), *as amended* (Apr. 27, 2010) (quotation omitted). Golia-Huffman sues Smith's for negligence, based on the floral department floor being wet. So, Perez's opinions regarding the slipperiness of the floral department floor when wet are pertinent to the negligence inquiry and helpful to the trier of fact. And because Smith's does not contend that anything changed in its floral department between Golia-Huffman's incident and Perez's examination, there is no reason to

preclude Perez's testimony solely due to the time between the fall and Perez's tests. I deny Smith's request to preclude Perez's testimony as unhelpful to the trier of fact.

2. *Based on Speculation and Omitting Key Details*

Smith's argues that I should preclude Perez's opinions because they are based on speculation, not objective evidence, and because Perez omits important details from his analysis. Smith's lists a variety of Perez's opinions that it argues "are not actually based on evidence" as well as several issues it claims Perez omits. ECF No. 78 at 10. Golia-Huffman responds that Perez's initial report "sets forth the foundational evidence he reviewed to generate his opinions." ECF No. 96 at 2.

The alleged problems with Perez's report that Smith's raises are more properly addressed during cross-examination. They are not sufficient to justify excluding Perez from testifying as an expert. "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion. . . . The judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *City of Pomona*, 750 F.3d at 1044 (simplified). I do not exclude Perez's testimony on these grounds.

3. *Retail Standard of Care*

Smith's argues that "Dr. Perez is not qualified to discuss any type of retail standard of care that should have been exercised by [Smith's] or its employees or agents" because he does not have any qualifications "regarding retail safety standards or standards regarding inspections of retail establishments, physical sweeping of stores, or experience with floral departments." ECF No. 78 at 11. Golia-Huffman responds that Perez "use[d] his education, training, skills, and experience to render" his opinions, as well as his review of the "one-hour video of the location

3

and fall," 58 digital photographs, and extensive discovery documents produced by Smith's. ECF No. 96 at 2.

Federal Rule of Evidence 702 requires "that a testifying expert be qualified as an expert by knowledge, skill, experience, training, or education," and the Rule "contemplates a broad conception of expert qualifications." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1015, 1018 (9th Cir. 2004) (simplified). "Disputes as to the strength of an expert's credentials . . . go to the weight, not the admissibility, of his testimony." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) (simplified). Perez's extensive experience in premises liability cases, as well as his review of the evidence in this case, qualify him to testify as to his opinions on the retail standard of care Smith's should have used. Smith's may cross-examine Perez about his ability to opine on these issues. I do not exclude Perez's testimony on retail standards of care.

   4. *Improper Rebuttal Testimony*

Smith's argues that in his third supplemental report,[1] Perez includes opinions that are not proper rebuttal testimony and must be excluded because Perez should have included them in his initial report. These are Perez's opinions on "the manner in which the water may have fallen on the ground" and his "opinions as to where the water came from that [Golia-Huffman] slipped on." ECF No. 78 at 13 (emphasis omitted). Smith's argues that these facts relate to "the actual method of how the incident occurred," so they should have been "presented by an initial or

---

[1] Though Smith's characterizes ECF No. 78-4 as Perez's third supplemental report, it appears to be Perez's second supplemental report. *See* ECF Nos. 78-2 (Perez's initial report); 78-3 at 2 (Perez's first supplemental report describing itself as a "rebuttal" that "supplements the report which I submitted on March 18, 2022"); 78-4 (Perez's second supplemental report that "adds to and amplifies the opinions [Perez] expressed in [his] initial report of March 18, 2022, and the supplemental report [he] submitted on December 21, 2022").

4

affirmative expert, not a rebuttal expert." *Id.* It also argues that Perez's "opinions are based on information that he had possession of prior to the initial expert disclosure deadline," which is another reason they should have been presented in Perez's initial report. *Id.*

Golia-Huffman responds that in Perez's two supplemental reports, Perez rebuts and addresses the assertions made by Smith's Federal Rule of Civil Procedure Rule 30(b)(6) witness in his deposition. Golia-Huffman argues that Perez could not have included these opinions in his initial report because he authored his initial report on March 18, 2022, and Smith's Rule 30(b)(6) deposition was not until October 17, 2022. *See* ECF Nos. 96-3; 96-4. Golia-Huffman argues that in his December 21, 2022 supplemental report, Perez only "addressed assertions made by [Smith's] Rule 30(b)(6) witness at [his] deposition" so Perez's report was "[i]n essence . . . a rebuttal and was issued within a reasonable time of Perez receiving the deposition transcript." ECF No. 96 at 3 (quotation marks omitted). Golia-Huffman asserts that after Perez had "a reasonable time over the holidays, with the deposition," he decided to issue a second supplemental report where "he simply expanded upon his December 21, 2022 opinions." *Id.*

Under Federal Rules of Civil Procedure 26(e)(2) and 26(e)(1)(A), experts must supplement their disclosures "in a timely manner" if they "learn[] that in some material respect the disclosure or response is incomplete or incorrect." "In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information corresponds to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information was available at the time set for the initial disclosure." *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 186-87 (S.D. Cal. 2020) (simplified).

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) allows an expert to present evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another

5

party['s]" initial expert witness. "Under this definition, a report must satisfy only two elements to qualify as a rebuttal report: it must address the same subject matter as another party's expert report and must be intended solely to contradict or rebut that report." *U.S. Bank, N.A. v. Glogowski L. Firm, PLLC*, 339 F.R.D. 579, 581 (W.D. Wash. 2021) (quotations omitted).

Perez issued his initial expert report on March 18, 2022. ECF No. 96-3. The deposition of Smith's Rule 30(b)(6) witness took place on October 17, 2022. ECF No. 96-4. Because the deposition took place months after Perez issued his initial report, Perez could not have included his opinions on Smith's 30(b)(6) witness's testimony in his initial report. Both parties characterize Perez's reports after the deposition as rebuttal reports. However, because Perez is not responding to Smith's expert reports, but rather the deposition of a lay witness, they are more properly characterized as supplements. In the parties' third joint stipulation to extend discovery, the parties stated that they did not seek to extend the expert disclosure deadline, but instead "plan[ned] to work together to allow all experts to prepare proper supplemental disclosures." ECF No. 27 at 4. Because Perez is responding to new evidence that was not available to him at the time of his initial disclosure, his supplemental reports are not excluded for offering opinions that should have been disclosed in his initial report. This is consistent with the parties' agreement to work together to allow experts to supplement their reports. I deny Smith's motion to exclude Perez's opinions as improper rebuttal testimony. I therefore deny Smith's first motion *in limine* on all grounds.

   b. **Golia-Huffman's Future Lumbar Disk Replacement Surgery (ECF No. 79)**

Smith's moves to exclude evidence, opinions, and testimony regarding Golia-Huffman's predicted future total lumbar disk replacement surgery. It argues that because Golia-Huffman had a decompression surgery in the same area of her back where she would have the total lumbar

disk replacement surgery, she does not need the total lumbar disk replacement surgery. Golia-Huffman responds that because she "will never undergo the disk replacement surgery," she will not argue at trial that she will undergo the surgery, and she will not ask for damages related to the surgery. ECF No. 108 at 3. However, she asks to present evidence that the disk replacement surgery was recommended to her because the recommendation is causally related to her fall and the injuries she incurred from it.

It is unclear why this motion was not resolved if the parties engaged in a proper meet and confer. Golia-Huffman has no intention of receiving the total lumbar disk replacement surgery in the future, nor is she requesting damages related to the surgery. While she asks for this surgery to be admitted to show causation, because she underwent a different back surgery on the same part of her back, it is unnecessary for her to present evidence on a surgery she did not and will not receive to show causation. I therefore grant Smith's second motion *in limine*.

### c. *Prior Incident Evidence (ECF No. 86)*

Smith's moves to exclude evidence of two previous incidents involving water on the floor in the Smith's floral department. It argues that these two prior incidents are irrelevant because they are temporary conditions that did not put Smith's on notice that there would be another temporary hazardous condition in the future. Smith's seeks to exclude these instances under Federal Rule of Evidence 403 because the prejudice to Smith's of "paint[ing Smith's] in a light that water droplets were constantly on the floor at the subject store" substantially outweighs the "non-existent" probative value of these instances to Golia-Huffman. ECF No. 86 at 8.

Golia-Huffman responds that the two prior falls have a "substantial similarity to the location and mechanism of [her] fall." ECF No. 97 at 2 (quotation omitted). So, she argues they are appropriate to show that Smith's had "constructive knowledge of the water that caused her

fall" as Smith's was on notice "that people enter their floral department, choose flowers and fall." *Id.* at 3. Golia-Huffman also argues that Smith's floral department was in the exact same condition for all three falls.

"Traditionally, where a foreign substance causing a slip and fall results from the actions of persons other than the business or its employees," the business would be liable only if it had "actual or constructive notice of the condition and failed to remedy it." *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012) (quotation omitted). Evidence of prior, similar incidents can be used "to show notice or knowledge of the danger causing the accident" only in "situations where there are conditions of permanency." *Eldorado Club, Inc. v. Graff*, 377 P.2d 174, 176 (Nev. 1962). Evidence of past incidents relating to "temporary condition[s] which might or might not exist from one day to the other" cannot be used to prove that the business owner was on notice of the dangerous condition. *Id.*

However, Nevada recognizes the "mode of operation" approach to premises liability for businesses like grocery stores where the business has "chosen to have [its] customers perform tasks that were traditionally performed by employees." *FGA, Inc.*, 278 P.3d at 496. Under the mode of operation approach, the plaintiff can prove that the business owner was on notice of the hazardous condition if she proves that her "injury was attributable to a reasonably foreseeable dangerous condition on the owner's premises that is related to the owner's self-service mode of operation." *Id.* (quotation omitted). To do this, the plaintiff may offer evidence of past instances of similar incidents. *See Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322-23 (Nev. 1993) (finding that where a grocery store patron slipped and fell on a crushed grape, a reasonable jury could find that the grocery store had constructive notice that "at any time, a hazardous condition

might exist which would result in an injury to [grocery store] customers" based on an employee's testimony of past incidents of hazards on the ground).

Previous instances of slips on water on the floral department floor could be relevant to proving that Smith's had constructive notice of the hazard under the "mode of operation" approach. Thus, I do not exclude these instances. I am not ruling whether the mode of operation approach applies in this situation, nor whether Smith's had constructive notice. I am simply not precluding testimony of these instances because they may be relevant. While Smith's argues that the probative value of these instances is substantially outweighed by the danger of unfair prejudice because the probative value is "non-existent," that may not be true. Additionally, because this is a bench trial, Rule 403 has a more limited role to play in excluding probative evidence for being potentially prejudicial. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) ("[I]n a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial."). Taking all of these factors into account, I deny Smith's motion to exclude the prior incident evidence.

    **d.** *Dr. William Muir's Testimony and Opinions*

Smith's moves to exclude medical expert Dr. William Muir's testimony as untimely and lacking foundation. Smith's argues that Muir's reports are untimely because in his second supplemental report, he reviewed documents that were over two years old, but he did not explain why he included these documents in the second supplemental report instead of in his initial report. Smith's acknowledges that the parties said they would work together to allow their experts to properly supplement their reports, but Smith's does not consider a two-year delay a proper supplement. Smith's also argues that several of Muir's opinions are flawed because they lack foundation.

1   Golia-Huffman responds that she always granted Smith's requested extensions and
2 allowed its experts to supplement their reports after the agreed upon deadline, so she should be
3 extended the same courtesy. Golia-Huffman argues that Muir's opinions do not lack foundation
4 and that Smith's has "Dr. Muir's opinions and the basis of the foundation thereof in report, after
5 report." ECF No. 98 at 10.

6   Per the parties stipulated discovery plan, Muir's reports and supplemental reports are
7 timely. In their first discovery plan, the parties agreed that expert disclosures "be made on or
8 before February 28, 2022," and the disclosure of rebuttal experts "be made by March 30, 2022."
9 ECF No. 10 at 3. However, the parties jointly extended these deadlines to May 27, 2022 for
10 expert disclosures and June 27, 2022 for rebuttal expert disclosures. ECF No. 13 at 3-4. Muir's
11 initial expert report was disclosed to Smith's on March 23, 2022, his first and second
12 supplements were disclosed on May 26, 2022, and the Life Care Plan was disclosed on May 26,
13 2022. ECF Nos. 80-2; 80-3; 80-4; 80-5. These disclosures were timely per the parties' agreed-
14 upon extension of the deadlines. So, I will not exclude Muir's testimony as untimely.

15   I also will not exclude Muir's testimony for lack of foundation, as this goes to
16 impeachment and may be addressed by Smith's on cross-examination. *See City of Pomona*, 750
17 F.3d at 1044 (simplified). Thus, I deny Smith's motion to exclude Muir.

18   **e.  *Future Medical Damages, Documents, Supplemental Expert Report (ECF No. 85)***

19   Smith's moves to exclude the future medical damages Golia-Huffman disclosed in her
20 32nd and 33rd supplements to her Rule 26(a)(1) disclosure. It also moves to exclude as untimely
21 "printouts from the Nevada State Board of Medical Examiners and *curriculum vitae* of experts,"
22 a few medical records, and the supplemental expert report of Golia-Huffman's non-retained
23 expert and treating physician, Dr. Elkanick. ECF No. 85 at 4.

1. *Future Damages*

Smith's argues that in her 32nd and 33rd Rule 26(a)(1) supplements, Golia-Huffman increased her damages by over one million dollars after the close of discovery based on the cost of her projected future medical care. Smith's argues that it was severely prejudiced because it was unable to conduct discovery on these new damages and had calculated its potential trial risk based on the damage amount disclosed during discovery.

Golia-Huffman responds that Smith's has been on notice since her initial disclosures that she would require future medical care, which could include surgery. She argues that the cost of her future treatment could not be finalized until after the discovery period ended because it is based on her response to her initial surgery and treatment. She also argues that Smith's had the costs of these anticipated surgeries and treatments within 60 days of its final expert report.

"Rule 26(a)(1)(A)(iii) requires the disclosure of a computation of each category of damages claimed by the disclosing party. Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures in a timely manner when the prior response is incomplete or incorrect." *Hoffman v. Constr. Prot. Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008) (quotations omitted). However, "[a] precise damages computation may not be possible until the plaintiff obtains some discovery, undergoes additional treatment, and, in some cases, obtains expert analysis. . . . Especially in the context of an injured plaintiff alleging on-going or future medical damages, her claim for damages may not be static." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017). "To the extent it becomes clear based on new circumstances that the damages computation is incorrect or incomplete, the plaintiff has a duty to supplement the initial damages computation. There is no bright line rule that such supplementation is improper if made after the expert disclosure deadline or even after

11

the close of discovery. . . . Instead, the key inquiry is whether the timing of the supplemental disclosure is reasonable based on when the information was available to the plaintiff." *Id.*

In Golia-Huffman's initial Rule 26(a)(1) disclosure, she included a section for "Future Medical Treatment" and listed $287,800.00 in damages for two treatments. ECF No. 85-2 at 21. By her 33rd supplement to this disclosure, she listed between $415,104.000 and $707, 211.50 in future damages. ECF No. 85-5 at 54-55. While these damages are significantly greater than the future medical damages listed in Golia-Huffman's initial disclosure, the 33rd supplement came almost two and a half years later, during which time Golia-Huffman had one back surgery and a variety of other treatments and consultations. Because the future treatment options listed in the 33rd supplement are different than those in the initial disclosure, and reflect the changing nature of Golia-Huffman's condition, she complied with Rule 26 by supplementing her disclosures as she received new information. Additionally, though Smith's argues that Golia-Huffman disclosed over one million dollars in new future medical treatment costs in her supplements, Golia-Huffman characterizes her future treatment as three distinct options with three different costs, making the difference between the damages initially disclosed and those disclosed in the supplement less extreme than how Smith's characterizes them. Because Golia-Huffman initially disclosed future damages based on her medical treatment, and has timely supplemented those disclosures as her medical treatment plans change, I deny Smith's motion that I exclude evidence of Golia-Huffman's future medical damages.

    *2. Printouts from the Nevada State Board of Medical Examiners and Experts' Curriculum Vitae*

Smith's objects to Golia-Huffman's disclosure of "printouts from the Nevada State Board of Medical Examiners and *curriculum vitae* of experts" in her 32nd supplement because these

supplemental materials were disclosed 10 months after discovery closed, so it was unable to conduct discovery regarding them. ECF No. 85 at 4. Golia-Huffman responds that Smith's also submitted many late disclosures, so it is unfair that Smith's seeks to exclude Golia-Huffman's late disclosures.

To the extent that the doctors whose materials Golia-Huffman submitted were timely disclosed as experts, Smith's could have obtained these documents on its own, so I do not exclude their *curriculum vitae* and Nevada medical records on those grounds. To the extent that the doctors were not timely disclosed, they will likely not be able to testify. If they cannot testify, the documents will not be relevant, so I grant Smith's motion to exclude them. Because the parties did not submit all of Golia-Huffman's disclosures to me, I cannot say with certainty which experts were properly disclosed, and which were not. Thus, I deny Smith's motion to exclude materials for any timely disclosed expert but grant it for any materials for experts who were not timely disclosed. I am not at this time admitting these papers into evidence as they appear to be hearsay. Rather, I am only denying Smith's motion to exclude them as late-produced.

    3. *Medical Records*

Smith's argues that in Golia-Huffman's 34th disclosure she included untimely medical records from Southwest Medical Associates and Bone and Joint Specialists. It argues that these medical records were disclosed after discovery closed, and Smith's was prejudiced by not being able to conduct discovery about them. Golia-Huffman responds that Smith's disclosed many documents after the discovery deadline, so Golia-Huffman should not be punished by Smith's for doing likewise.

If these records reflect on-going treatment Golia-Huffman was receiving, she was obligated under Rule 26 to timely supplement her disclosures by producing the records. To the extent that these medical records relate to doctors that were previously and timely disclosed, I deny Smith's motion. However to the extent that these doctors were not timely disclosed, I grant Smith's motion. Providers from Bone and Joint Specialists were disclosed in Golia-Huffman's initial Rule 26(a)(1) disclosure, and a provider from Southwest Medical Associates was included in her Fourth Supplement. ECF Nos. 85-2 at 15; 85-7 at 40. However, it is unclear from the parties' papers whether the providers on the medical records Smith's objects to are the same providers in Golia-Huffman's disclosures, and whether she previously disclosed providers from Southwest Medical Associates before the deadline. Thus, I cannot determine which records relate to properly disclosed experts.

    4.  *Dr. Elkanich's Medical Record Review*

Smith's objects to a document entitled "G. Michael Elkanich, MD.'s Medical Record Review dated October 19, 2023" included in Golia-Huffman's 31st supplement. ECF No. 85-3 at 51. Smith's argues that Golia-Huffman disclosed the report two months after Elkanich produced it, and the report included a review of documents that were dated over three months before Elkanich wrote it. Smith's argues that this report is untimely, which prejudiced Smith's by preventing it from conducting discovery and defending against the opinions in Elkanich's report.

Golia-Huffman responds that Elkanich's report is a rebuttal to Smith's final expert report, which was also untimely disclosed on August 15, 2023. Golia-Huffman argues that Smith's received Elkanich's rebuttal report within 60 days of Golia-Huffman receiving Smith's expert report, so Golia-Huffman's actions were within the bounds of Rule 26. Golia-Huffman also

argues that it is not fair that Smith's can produce late disclosures, and Golia-Huffman cannot produce a late response.

Based upon Golia-Huffman's response, Elkanich's report appears to be a rebuttal to an untimely expert disclosure from Smith's. To the extent that Smith's expert was allowed to submit a late expert report, fairness dictates that Golia-Huffman's expert may submit a late rebuttal. If Smith's believes that Elkanich's report is not proper rebuttal testimony, it can raise the issue again at trial.

5. *Summary*

I deny Smith's motion *in limine* as it relates to Golia-Huffman's future medical damages. I deny Smith's motion as it relates to the *curriculum vitae,* Nevada State Board of Medical Examiners records, and additional medical records of properly disclosed experts, but I grant it as it relates to experts who were not properly and timely disclosed. I deny the motion as it relates to Elkanich's rebuttal report.

f. ***Exclude Damages Related to Past and Future Wage Loss (ECF No. 83)***

Smith's moves to exclude evidence of Golia-Huffman's past or future wage loss due to her injuries. It argues that although Golia-Huffman alleges that she lost her job as a result of the incident, medical records indicate that she lost her job due to the COVID-19 pandemic. Smith's asks me to exclude this evidence under Rule 403 because the medical records contradict Golia-Huffman's contention that she was fired due to her injuries. Golia-Huffman responds that she does not need an expert to establish that she lost her job because of her injuries, and she has claimed since the beginning of this case that she suffered wage loss as a result of her injuries.

The cause of Golia-Huffman's lost wages is a factual issue best left to the trier of fact and not suitable to resolution via a motion *in limine*. *See. Whittemore*, 944 F. Supp. 2d at 1006. I deny Smith's motion to preclude evidence of Golia-Huffman's past or future wage loss.

**II.     Conclusion**

I THEREFORE ORDER that Smith's first motion *in limine* **(ECF No. 78) is denied.**

I FURTHER ORDER that that Smith's second motion *in limine* **(ECF No. 79) is granted.**

I FURTHER ORDER that Smith's third motion *in limine* **(ECF No. 86) is denied**.

I FURTHER ORDER that Smith's fourth motion *in limine* **(ECF No. 80) is denied.**

I FUTHER ORDER that Smith's fifth motion *in limine* **(ECF No. 85) is granted in part as set forth in this order.**

I FURTHER ORDER that Smith's sixth motion *in limine* **(ECF No. 83) is denied.**

DATED this 29th day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE